IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW MARKS, | No. 4:21-CV-00307 |
| Plaintiff, | (Judge Brann) |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION**

**JULY 16, 2021**

## I. BACKGROUND

Matthew Marks filed an insurance claim with State Farm Fire and Casualty Company ("State Farm") for damage to a rental property he owns. State Farm denied coverage, so Marks sued for breach of contract and bad faith. State Farm moved to dismiss the bad faith claim under Federal Rule of Civil Procedure 12(b)(6). That motion is granted, but Marks will be given the chance to file an amended complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a

pleading"¹ and "streamlines litigation by dispensing with needless discovery and factfinding."² "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."³ This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."⁴

Following the Roberts Court's "civil procedure revival,"⁵ the landmark decisions of *Bell Atlantic Corporation v. Twombly*⁶ and *Ashcroft v. Iqbal*⁷ tightened the standard that district courts must apply to 12(b)(6) motions.⁸ These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.⁹

So, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"¹⁰ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."¹¹ "Although the plausibility

---

1 *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).
2 *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
3 *Id.* at 326 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
4 *Id.* at 327.
5 Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
6 550 U.S. 544 (2007).
7 556 U.S. 662, 678 (2009).
8 *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
9 *Id.*
10 *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
11 *Id*.

standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16] But "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

---

[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[13] *Twombly*, 550 U.S. at 556.
[14] *Iqbal*, 556 U.S. at 679.
[15] *Id.* at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[16] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[18] *Id.* at 678.

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself."[20] Typically, to consider materials outside the complaint, a motion to dismiss must be converted to a motion for summary judgment.[21] That said, "[c]onsideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion."[22] It is permissible to consider full text of documents partially quoted in complaint.[23] It is also permissible to consider documents relied on by plaintiff in drafting the complaint and integral to the complaint.[24] "However, before materials outside the record may become the basis for a dismissal, several conditions must be met."[25] "For example, even if a document is 'integral' to the complaint, it must be clear on the

---

[19] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[20] *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).
[21] *See id.* and Fed. R. Civ. P. 12(d).
[22] *Faulkner,* 463 F.3d at 134.
[23] *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 808–09 (2d Cir.1996).
[24] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).
[25] *Faulkner*, 463 F.3d at 134.

record that no dispute exists regarding the authenticity or accuracy of the document."[26] It must also be clear that there are no material disputed issues of fact on the relevance of the document.[27] In this matter, I find that these conditions have been met, and will consequently consider the attachments to Plaintiff's complaint.

### B. Facts Alleged in the Complaint

Marks owns a rental property in Shamokin, Pennsylvania.[28] He and State Farm entered into a Rental Dwelling Policy for that property.[29] He then began to perform renovations on the unit so that he could rent it out.[30] In February 2020, Marks learned that the pipes had burst, causing water damage to the home.[31] Marks believed that the home had been vandalized by a disgruntled former employee and filed a police report.[32] After enlisting a public adjuster and preparing an estimate of the damages, he submitted a claim for vandalism.[33]

In March 2020, State Farm denied the claim because the pipes froze, causing the damage.[34] State Farm claimed that heat "was not being maintained in the building," and that "there was no heating oil to operate the boiler."[35] In response to State Farm's denial of the claim, Marks submitted receipts of the oil, water, and

---

[26] *Id; see also, e.g.*, *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).
[27] *Faulkner*, 463 F.3d at 134.
[28] Doc. 1 Ex. 1 ¶ 3.
[29] *Id.* ¶ 5.
[30] *Id.* ¶ 6.
[31] *Id.* ¶ 7.
[32] *Id.* ¶ 8.
[33] *Id.* ¶¶ 9, 10.
[34] *Id.* ¶ 14.
[35] Doc. 1 Ex. 1-D (State Farm Claim Letter).

electric bills, as well as the police report.[36]  Despite continued discussion, State Farm refused to change its answer and denied the claim.[37]  Marks then filed suit.

### C. Analysis

Bad faith under Pennsylvania law asks the plaintiff to plead facts showing that the insurer (1) "did not have a reasonable basis for denying benefits under the policy" and (2) "knew of or recklessly disregarded its lack of reasonable basis in denying the claim."[38]  A claim for bad faith must be based on a "frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent."[39]  Bad faith claims "are fact specific and turn on the conduct of the insurer towards the insured."[40]  To satisfy its burden, a plaintiff has to "plead specific facts as evidence of bad faith and cannot rely on conclusory statements."[41]

The claim Marks brings for bad faith cannot survive as pled.  Almost half of the allegations in the complaint are conclusory and receive no pleading presumption of truthfulness.  The other half do not establish any bad faith.  The well-pled facts span from paragraphs 1-17.  Those facts establish the breach of contract claim – which State Farm has not disputed – but the remaining facts are either irrelevant to the issue of bad faith, not well pled, or simply legal conclusions.

---

[36] Doc. 1 Ex. 1 ¶ 15.
[37] *Id.* ¶ 17.
[38] *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011) (quoting *Terletsky v. Prudential Property & Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).
[39] *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015).
[40] *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017).
[41] *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. Appx. 133, 136 (3d Cir. 2012)).

For example, Marks claims that State Farm has "a duty of good faith and fair dealing and must conduct themselves in support of this duty."[42]  That is a legal conclusion.  So is the allegation that State Farm "must never put its own interests above those of its insured."[43]  The same goes for the notion that State Farm "has a duty to fairly, fully and accurately evaluate the claim and make payment on the claim in accordance with good faith handling practices."[44]  And these allegations are also legal assertions that cannot form the factual basis for a bad faith claim: (1) "*Pursuant to 42 PA C.S.A. § 8371*, the Defendant has a duty to Plaintiff to act with good faith and fair dealing in investigating and paying this claim . . ."; and (2) that State Farm "*failed to comply with the provisions of 42 PA C.S.A. § 8371*" by failing to pay the claim and not acting in good faith.[45]

Plaintiff's brief in opposition to the motion to dismiss lists several cases in which a court allowed a bad faith claim to proceed.  He completely fails to explain how these cases are like his own, or how the allegations he pleads are sufficient.  For example, Marks claims that he provided evidence that vandalism was the cause of the loss (through the police report attached to the complaint), but the police report does not support that theory.  In anything, it undercuts the assertion that vandalism was the cause of the damage.[46]  There are no allegations suggesting that

---

[42]  Doc. 1 Ex. 1 ¶ 19.
[43]  *Id.* ¶ 22.
[44]  *Id.* ¶ 24.
[45]  *Id.* ¶ 31 (emphasis added).
[46]  Doc. 1. Ex. 1-B (Police Report).

State Farm acted in bad faith. The "mere averment that an insurer had no reasonable basis for refusing to reimburse a plaintiff is a conclusory legal statement, not a factual allegation."[47]

### III. CONCLUSION

State Farm's Motion to Dismiss pursuant to Rule 12(b)(6) is granted. It is unclear what additional facts Marks has available to him, but to be certain, Marks is granted leave to amend. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[48] "Circuit case law, however, holds that leave to amend must be given in this situation as well."[49] It is well settled in this circuit that leave to amend should be freely granted.

Thus, Marks will be given fourteen days from today's date to file an amended complaint. If no amended complaint is filed, the action will proceed solely on Count 1.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[47] *Kelley v. State Farm Fire & Cas. Co.*, 2019 WL 2425135, at *2 (E.D. Pa. June 10, 2019).
[48] *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997).
[49] *Id.*